UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 8:96-cr-328-1 |
| | ) | |
| v. | ) | |
| | ) | |
| Terrance Leon Gallman, | ) | ORDER |
| | ) | (Written Opinion) |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**18 U.S.C. § 3582(c)(2) Order for Sentence Reduction**

This matter comes before the Court on the defendant's motion for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission (the Commission) pursuant to 28 U.S.C. § 994(u).

**Background**

The defendant's motion is based on Amendment 706 to the United States Sentencing Guideline (U.S.S.G.) § 2D1.1(c). This amendment adjusts the base offense level assigned to each threshold quantity of cocaine base, or "crack cocaine," downward by two levels.  U.S.S.G. App. C, Amend. 706 (Nov. 1, 2007).  On December 11, 2007, the Commission voted to add this amendment to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively.  As this amendment became effective on March 3, 2008, this matter is now ready for disposition.

### Discussion

The defendant was last sentenced on June 18, 1999, with the following sentencing range:

Total Offense Level:            <u>38</u>

Criminal History Category:      <u>III</u>

Months Imprisonment:            <u>292-365</u>

Taking into consideration these guidelines, the Court sentenced the defendant to 196 months.  This sentence included a 33% reduction pursuant to Rule 35 of the Federal Rules of Criminal Procedure.  Further, Defendant's sentence was rendered before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

After taking into account the amendments to § § 1B.10 & 2D1.10, the Court finds that the amended sentencing range should be:

Total Offense Level:            <u>36</u>

Criminal History Category:      <u>III</u>

Months Imprisonment:            <u>235-293</u>

This Court will not consider any guideline decision from the previous sentencing that was unaffected by the recent amendment.  U.S.S.G. § 1B1.10(b)(1).  However, as instructed by § 1B1.10(b)(2)(B), this Court will apply a 33% reduction from the low end of the revised, advisory guidelines.  § 1B1.10(b)(2)(B) ("If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction

comparably less than the amended guidelines range determined under subdivision (1) of this subsection may be appropriate.").

### Conclusion

Having calculated and considered the revised sentencing guidelines, specifically the provisions of §§ 2D1.1(c) and 1B1.10, effective March 3, 2008, and having also considered the relevant statutory sentencing factors contained in 18 U.S.C. § 3553(a) and the advisory nature of the Sentencing Guidelines, it is the judgment of the Court that the defendant's previously imposed sentence be reduced to a term of 157 months imprisonment.  This sentence includes a 33% reduction from the low end of the revised, advisory guidelines.    This reduction comports with U.S.S.G. § 1.1B10(b)(2)(B).  If this revised sentence *is less than* the amount of time the defendant has already served, the sentence is reduced to a "Time Served" sentence.  *See* U.S.S.G. § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.").  Except as provided by this Order, all provisions of the defendant's previous sentence dated June 18, 1999, remain in full force.

IT IS THEREFORE SO ORDERED THAT the defendant's previously imposed sentence be reduced to a term of 157 months.

IT IS FURTHER ORDERED THAT this Order become effective 10 days after the date of its entry.

**IT IS SO ORDERED.**

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

April _3_, 2008
Anderson, South Carolina


## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, the

parties have the right to appeal this Order within sixty (60) days from the date of its

entry.   Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of

Appellate Procedure, **will waive the right to appeal.**